## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**THIRTY THREE THREADS INC.,**

      Plaintiff

v.

**ARGENTO SC, THE TJX COMPANIES, INC. AND DOES 1-10,**

      Defendant.

Case No. 1:18-cv-8023 (JMF)

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants Argento SC By Sicura Inc. ("Argento") and The TJX Companies, Inc. ("TJX") (collectively, "Defendants"), through their counsel, respond to the Complaint ("Complaint") of Plaintiff Thirty Three Threads Inc. ("Plaintiff") as set forth below, and hereby bring counterclaims against Plaintiff.  In response to all paragraphs of the Complaint, Defendants deny each and every allegation except as expressly admitted herein.  Defendants respond specifically to Plaintiff's averments as follows:

## PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore deny them.

2. Defendant Argento admits the allegations in paragraph 2.

3. Defendant TJX admits the allegations in paragraph 3.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

5. Defendants deny the allegations in paragraph 5.

6. Defendants deny the allegations in paragraph 6.

689224.1

7.      Defendants deny the allegations in paragraph 7.

## JURISDICTION AND VENUE

8.      Defendants admit that the Complaint purports to initiate a civil action for patent infringement, but deny that Plaintiff has any such claim or that any such claim is justified. Defendants admit that this Court has subject matter jurisdiction over patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Defendants deny that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(b).

9.      For purposes of this answer only, Defendants do not challenge that venue is proper in this District.  Defendants deny the remaining allegations in paragraph 9, and specifically deny that they have committed any acts of infringement.

## BACKGROUND

10.      Defendants admit that a copy of United States Design Patent No. D707,036 ("the '036 patent"), entitled "Sock," is attached as Exhibit A to the Complaint.  Defendants deny that the '036 Patent was duly and legally issued.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and therefore deny them.

11.      Defendants admits that the '036 Patent generally relates to foot apparel. Defendants deny the remaining allegations in paragraph 11.

12.      Defendants admit that a photograph of a yoga sock sold under the name "Self" is attached as Exhibit B to the Complaint.  Defendants admit that a copy of a TJX webpage is attached as Exhibit C to the Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12, and therefore deny them.

689224.1

13.     Upon information and belief, Defendants admit the allegations in paragraph 13.

14.     Defendants admit that the sock shown in Exhibit B to the Complaint is intended to be worn as foot apparel, including as a yoga sock.  Defendants deny the remaining allegations in paragraph 14.

15.     Defendants deny the allegations in paragraph 15.

16.     Defendants admit that Defendant Argento received the letter attached as Ex. D to the Complaint.  Defendants deny the remaining allegations in paragraph 16.

## FIRST CLAIM

17.     Defendants repeat and incorporate their answers to each of the preceding paragraphs 1 through 16 as their answer to paragraph 17, as though fully set forth herein.

18.     Defendants admit that the '036 patent is entitled "Sock."  Defendants deny that the '036 Patent was duly and legally issued.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, and therefore deny them.

19.     Defendants deny the allegations in paragraph 19.

20.     Defendants deny the allegations in paragraph 20.

21.     Defendants deny the allegations in paragraph 21.

22.     Defendants deny the allegations in paragraph 22.

23.     Defendants deny the allegations in paragraph 23.

24.     Defendants deny the allegations in paragraph 24.

25.     Defendants deny the allegations in paragraph 25.

689224.1

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief in this case, and prays that the Court deny all relief sought by Plaintiff.

## AFFIRMATIVE DEFENSES

For the asserted affirmative and other defenses, Defendants do not assume the burden of proof where such burden is not legally upon Defendants.  Defendants allege and assert the following defenses in response to Plaintiff's allegations and reserve all rights to allege additional defenses that may now exist or become known through the course of discovery or further investigation in this case:

### FIRST AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. D707,036)

26.    Defendants do not infringe and have not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any valid, enforceable, and properly construed claim of the '036 Patent. A more detailed basis for this defense is set forth in Defendants' Counterclaim, which is included below and incorporated by reference herein.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. D707,036)

27.    The '036 Patent is invalid for failure to satisfy one or more provisions of the patentability requirements specified in 35 U.S.C. § 101 et seq., including without limitation, §§ 102, 103, and 112.  A more detailed basis for this defense is set forth in Defendants' Counterclaim, which is included below and incorporated by reference herein.

### THIRD AFFIRMATIVE DEFENSE
### (Statutory Limitations on Damages and Costs)

28.    Plaintiff's claims for damages and costs are limited by 35 U.S.C. §§ 286, 287, and/or 288.

689224.1

## COUNTERCLAIMS

Defendants and Counterclaim-Plaintiffs Argento and TJX hereby counterclaims against Plaintiff as follows:

## PARTIES

1.      Counterclaim-Plaintiff Argento is a New York corporation having a principal place of business located at 1407 Broadway, Suite 2201, New York, New York 10018.

2.      Counterclaim-Plaintiff TJX is a Delaware corporation having a principal place of business at 770 Cochituate Road, Framingham, Massachusetts 10701.

3.      Counterclaim-Defendant Thirty-Three Threads alleges that it is a corporation organized and existing under the laws of the State of California, and has a principal place of business at 1330 Park Center Drive, Vista, California, 92081.

## JURISDICTION AND VENUE

4.      These counterclaims arise under the patent laws of the United States, 35 U.S.C. §1, et seq. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a).

5.      This Court has personal jurisdiction over Plaintiff by virtue, inter alia, of its filing of its Complaint for patent infringement against Defendants in this Court. Plaintiff has consented to venue in this District by filing this action, which is currently pending in this District.

6.      Accordingly, these counterclaims may, at this time, be brought in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

7.      By virtue of the allegations in the Complaint and Defendants' Answer thereto, an actual controversy exists between Defendants and Plaintiff as to whether the '036 Patent is invalid, unenforceable, and/or not infringed.

689224.1

## FACTUAL BACKGROUND

1.      Defendant Argento imported and sold the Argento Sock.

2.      Defendant TJX purchased the Argento Sock from Argento.

3.      Patent application No. 29/464,408 ("the '408 Application") was filed on August 15, 2013, and later matured into U.S. Design Patent No. D707,036 ("the '036 Patent").

4.      The named inventor, Joe Patterson, failed to disclose any prior art to the U.S. Patent and Trademark Office in connection with the '408 Application.

5.      The applicant, ToeSox, Inc., failed to disclose any prior art to the U.S. Patent and Trademark Office in connection with the '408 Application.

6.      On information and belief, both the named inventor and the applicant were aware of material prior art, but failed to submit it during the prosecution of the '408 Application.

## COUNT I:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '036 PATENT

7.      Defendants restate and incorporate by reference their allegations in paragraphs 1-6 of their Counterclaims so that each of those allegations is made in this Count I.

8.      Plaintiff claims to have an ownership interest by assignment in the '036 Patent and claims to have the right to enforce the '036 Patent.

9.      In this action, Plaintiff alleges that Defendants infringe the '036 Patent.

10.     Defendants are not infringing, have not infringed, and are not liable for any infringement, either directly or indirectly, literally or under the doctrine of equivalents, of any valid and enforceable claim of the '036 Patent, and Plaintiff  is entitled to no relief of any claim in the Complaint for, *inter alia*, at least the reasons stated in Defendants' Answer and Affirmative Defenses.

-6-

689224.1

11.     The sock design claimed in the '036 Patent includes, among other things, a cutout over the instep and partial toe coverings.



FIG. 1

12.     The partial toe coverings is a functional feature that provides grip to the wearer of the article.

13.     The cutout over the instep is a functional feature that  provides ventilation to the wearer of the article.

14.     As shown above, the design claimed in the '036 Patent includes a specific "zigzag" pattern around the instep opening.

15.     The Argento Sock does not include the claimed "zigzag" pattern around the instep opening.

16.     As shown below, the Argento Sock has a distinct overall impression as compared to the design claimed in the '036 Patent:

689224.1

| '036 Patent | Argento Sock |
|---|---|
| | |

17.     The '036 Patent claims a sock having an unembellished bottom side (shown in Fig. 2).

18.     The Argento Sock contains an ornamental design on its bottom side.

19.     The '036 Patent claims a sock wherein the outer edges of the partial toe coverings line up with one another.

20.     In the Argento sock, the toe coverings do not line up with one another, i.e., they are stepped.

21.     As shown below, these differences provide a distinct appearance between the design claimed in the '036 Patent (below, left) and the Argento Sock (below, right):

689224.1

| '036 Patent | Argento Sock |
|:-----------:|:------------:|
|  | |

22.     Thus, an immediate, real, and justiciable controversy exists between Plaintiff, on the one hand, and Defendants, on the other hand, with respect to the alleged infringement of the '036 Patent.

23.     Defendants are entitled to a declaratory judgment that they have not and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid, enforceable claim of the '036 Patent.

**COUNT II:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '036 PATENT**

24.     Defendants restate and incorporate by reference their allegations in paragraphs 1-6 of its Counterclaims so that each of those allegations is made in this Count II.

25.     The '036 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and laws related thereto, including, without limitation, one or more of 35 U.S.C. §§ 102, 103, and/or 112.

26.     The '036 Patent, for example, is invalid under 35 U.S.C. § 103 for obviousness based at least on the following exemplary references:

   a)  CN103110196A;

689224.1

b)  CN201045870Y;

c)  CN201557559U;

d)  JP2011089234A;

e)  USD626740;

f)  CN201996914U;

g)  CN202197844U;

h)  CN203040701U;

i)  JP2004270122A;

j)  US5724836;

k)  US5867838A;

l)  US7107626;

m) USD581654;

n)  USD655908; and

o)  USD664349.

27.    The design claimed in the '036 Patent is a combination of old and trivial

elements.

28.    As shown below, foot coverings having five separate openings for each of the toes

were known in the prior art.



**U.S. D581,654**

-10-



**FIG. 1**

**U.S. 7,107,626**

【図3】

**JP2004270122**

29.     As shown below, foot coverings having an opening on the top of the instep were known in the prior art.

**FIG. 1**

**U.S. D626,740**

-11-



FIG. 1

**U.S. D664,349**

图2

**CN201045870Y**

30.     The design claimed in the '036 Patent would, at a minimum, have been obvious to a designer of ordinary skill who designs socks, footwear and/or other foot coverings.

31.     Thus, an immediate, real, and justiciable controversy exists between Plaintiff, on the one hand, and Defendants, on the other hand, with respect to the validity of the '036 Patent.

32.     Defendants are entitled to a declaratory judgment that the '036 Patent is invalid.

**COUNT III:**
**TORTIOUS INTERFERENCE**

33.     Argento restates and incorporates by reference its allegations in paragraphs 1-6 of these Counterclaims so that each of those allegations is made in this Count III.

689224.1

34.    On information and belied, Plaintiff sent notices to one or more of Argento's customers alleging that the Argento Sock infringes the '036 Patent.

35.    In response, Argento's customers have sought to return and/or cease purchasing the Argento Sock.

36.    Plaintiff knew of Argento's business relations with Argento's customers.

37.    For the reasons discussed above, Plaintiff knew, or should have known, that the Argento Sock does not infringe the '036 Patent.

38.    For the reasons discussed above, Plaintiff knew, or should have known, that the '036 Patent was invalid and unenforceable.

39.    By making false allegations of patent infringement to Argento's customers, Plaintiff intentionally interfered with Argento's business relations with its customers, including Argento's ability to sell the Argento Sock to its customers.

40.    By intentionally using wrongful means as alleged above, Plaintiff acted with the purpose of harming Argento and its business relations with third-parties, including with Argento's customers.

41.    By reason of the foregoing, Plaintiff committed the tort of interference with business relations.

42.    As a result, Argento has sustained, and continues to sustain, substantial monetary damages.

## EXCEPTION CASE

43.    This action qualifies as an exceptional case, supporting attorneys' fees for Defendants against Plaintiff pursuant to 35 U.S.C. § 285.

689224.1

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury of all issues so triable by right in this Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, as to its Affirmative Defenses and Counterclaims, Defendants pray for judgment as follows:

a.      a dismissal with prejudice of Plaintiff's claims against Defendants for patent infringement and denial of any and all relief and prayers for damages to Plaintiff;

b.      a judgment against Plaintiff declaring that Defendants have not infringed, literally or under the doctrine of equivalents, the '036 Patent;

c.      a judgment against Plaintiff declaring that the '036 Patent is invalid;

d.      a judgment in favor of Defendants that this is an exceptional case and awarding Defendants their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

e.      injunctive relief restraining Plaintiff, its agents, servants, employees, successors and assigns, and all others in concert and privity with Plaintiff, from interfering in Argento's business relationships;

f.      An award of all damages that Argento has suffered as a result of Plaintiff's tortious interference; and

g.      an award or any other and further relief as this Court may deem just and proper.

689224.1

-15-

Dated: October 19, 2018                       Respectfully submitted,

                                              AMSTER ROTHSTEIN, & EBENSTEIN LLP

                                              */s/ Mark Berkowitz*

                                              Anthony F. Lo Cicero
                                              Mark Berkowitz
                                              90 Park Avenue
                                              New York, New York 10016
                                              Telephone: (212) 336-8000
                                              Facsimile: (212) 336-8001
                                              alocicero@arelaw.com
                                              mberkowitz@arelaw.com

                                              *Attorneys for Defendants*
                                              *Argento SC By Sicura Inc.*
                                              *and The TJX Companies, Inc.*

689224.1