Ronald A. Giller, Esq.
Jennifer A. Guidea, Esq.
GORDON & REES LLP
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (973) 549-2500
Fax: (973) 377-1911
Email: rgiller@gordonrees.com
*Counsel for Plaintiff*
*Thirty Three Threads, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THIRTY THREE THREADS INC.,<br><br>Plaintiff,<br><br>-against-<br><br>ARGENTO SC BY SICURA, INC., THE TJX COMPANIES, INC. AND DOES 1-10,<br><br>Defendants. | Case No.: 1:18-cv-8023-JMF<br><br>**AMENDED COMPLAINT FOR PATENT INFRINGEMENT OF U.S. PATENT NO. D707,036**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Thirty-Three Threads, formerly known as Toesox, Inc. (hereinafter "Plaintiff"), for its Complaint against Argento SC by Sicura, Inc. ("Argento") and The TJX Companies, Inc. ("TJX"), states and alleges as follows:

**PARTIES**

1.      Plaintiff, Thirty-Three Threads, Inc., formerly known as Toesox, Inc., is a corporation organized and existing under the laws of the State of California, and having a principal place of business at 1330 Park Center Drive, Vista, California, 92081.

2.      Upon information and belief, Defendant Argento is a corporation organized and existing under the laws of the State of New York and having a principal place of business at 1407 Broadway, New York, New York, 10018.

3.      Upon information and belief, Defendant TJX is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 770 Cochituate Road, Framingham, Massachusetts 10701.  TJX operates 80 TJ Maxx department stores within the State of New York, including stores located at 620 Avenue of the Americas, New York, NY and 808 Columbus Avenue, New York, NY.

4.      The true names and capacities of the Defendants names herein as DOES 1 through 10, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOE is legally responsible for the events and happenings hereinafter herein alleged.  Plaintiff will seek leave to amend the Complaint when the true names and capacities of said DOE Defendants have been ascertained.

5.      Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

6.      Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants has acted in concert and participation with each other concerning each of the claims in this Complaint.

7.      Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants were empowered to act as the agent, servant and/or employees of each of the other Defendants, and that all the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of the other Defendants.

## JURISDICTION AND VENUE

8.      This action, as hereinafter more fully appears, arises under the patent laws of the United States of America (35 U.S.C. §§ 1 *et seq.*), and is for patent infringement.  Jurisdiction for all counts is based upon 29 U.S.C. §§ 1331, 1338(a) and (b).

9.      Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) as Defendants have committed acts of infringement in this judicial district and have a regular and established place of business herein.

## BACKGROUND OF THE CONTROVERSY

10.      On June 17, 2014, United States Patent No. D707,036 entitled "Sock" ("the '036 patent") was duly and legally issued to Joe Patterson.  Plaintiff is the record owner by assignment of the '036 patent with full and exclusive right to bring suit to enforce this patent.  A true and correct copy of the '036 patent is attached hereto as Exhibit A.

11.      The '036 patent relates generally to foot apparel, including a woven sock having an open top and five separate openings for each of the toes.

12.      Prior to the initial filing of the instant action, Plaintiff purchased from Defendants' website at https://tjmaxx.tjx.com/store/jump/product/Open-Toe-Open-Top-Yoga-Socks/1000371505?colorId=NS1003495&pos=1:1&Ntt=yoga,  a yoga sock, sold under the name "Self."  A true and correct copy of the Self product is attached hereto as Exhibit B.  A true and correct copy of the web page, as well as a receipt for purchase of the product, is attached hereto as Exhibit C.

13.      Upon information and belief, Defendants are also offering the product for sale in TJ Maxx locations within the State of New York.

14. Defendants' sock product has no non-infringing use as it is solely intended to be worn as foot apparel, including as a yoga sock.

15. Defendants have been and are infringing the '036 patent by making, using, offering for sale, selling and/or importing the sock product. Defendants' acts of infringement have occurred within this district and elsewhere throughout the United States.

16. Additionally, Defendants were notified of the infringement of the '036 patent by correspondence dated June 1, 2018. A true copy of this notification is attached hereto as Exhibit D. Despite such notification, Defendants have continued to make, use, offer for sale, sell and/or import the sock product. Defendants' continuing acts of infringement have occurred within this district and elsewhere throughout the United States.

## FIRST CLAIM FOR RELIEF

17. Plaintiff realleges and repeats the allegations of paragraphs 1-16 herein.

18. Plaintiff is the owner of all right, title and interest to United States Patent No. D707,036 entitled "Sock." A true and correct copy of the '036 patient was duly and lawfully issued on June 17, 2014 and is presently valid and in full effect.

19. Upon information and belief, Defendants have been and are infringing the '036 patent within this district and elsewhere in the United States by making, using, selling, importing, distributing and/or offering for sale products that infringe one or more of the claims of the '036 patent.

20. Upon information and belief, Defendants are contributorily infringing the '036 patent within this district and elsewhere in the United States by making, using, selling, importing, distributing or offering for sale in the United States materials for use in practicing the inventions set forth in the '036 patient, that they know to be especially made or especially

4

adapted for use in infringement of the invention embodied in the '036 patient. Upon information and belief, these materials have no substantial non-infringement use in commerce.

21. Upon information and belief, Defendants are inducing infringement of the '036 patent within this district and elsewhere in the United States by instructing in the use of materials that infringe one or more claims of the '036 patient.

22. Upon information and belief, by the acts of patent infringement herein complained of, the Defendants have made substantial profits to which they are not equitably entitled.

23. By reason of the aforementioned acts of the Defendants, the Plaintiff has suffered great detriment in a sum which exceeds this Court's jurisdictional amount, but which cannot be ascertained at this time.

24. Upon information and belief, Defendants continue to infringe Plaintiff's '036 patient, and will continue to infringe Plaintiff's '036 patent to Plaintiff's irreparable harm, unless enjoined by this Court.

25. Any continuing infringement of the '036 patient by Defendants after receiving notice of the '036 patient will be willful, entitling Plaintiff to enhanced damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A. A judgment that Defendants have infringed, contributorily infringed, and/or induced infringement of the patent-in-suit;

B. A judgment that Defendants' infringement of the patent-in-suit has been willful;

C. A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Defendants and all persons in active concert or participation with them, from any further acts

of infringement, contributory infringement or inducement of infringement of the patents-in-suit.

D.      An order, pursuant to 35 U.S.C. § 284, awarding Plaintiff damages adequate to compensate Plaintiff for Defendants' infringement of the patent-in-suit, in an amount to be determined at trial, but in no event less than a reasonable royalty.

E.      An order, pursuant to 35 U.S.C. § 284, trebling all damages awarded to Plaintiff based on Defendants' willful infringement of the patents-in-suit;

F.      An order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Plaintiff its reasonable attorneys' fees incurred in this action; and

G.      That Plaintiff have such other and further relief that the Court may deem just and proper.

Dated:  November 30, 2018

GORDON & REES LLP
*Attorneys for Plaintiff*
*Thirty-Three Threads, Inc..*

By:     */s/ Ronald A. Giller*
            Ronald A. Giller
            Jennifer A. Guidea

1 Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (973) 549-2500
Fax: (973) 377-1911
Email: rgiller@gordonrees.com

6